IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JIL ANTONIO RESINOS                                    PLAINTIFF

v.                        Civil No.  5:09-5238

CAPTAIN HOLLY
and DEPUTY LEASE                                       DEFENDANTS

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Benton County Detention Center, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Doc.  1)  Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP").  (Doc. 2)

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, this Court recommends this action be summarily dismissed pursuant to Section 1915A.

I.    BACKGROUND

Plaintiff alleges he put in a request to see the doctor for his eyes on October 15, 2009.  (Doc.  1 at pg. 4) According to Plaintiff, on October 17th, Deputy Lease gave him "medication for eyes" that was "intended for another inmate."  (Id.)  Plaintiff placed the medication in his eyes and his eyes "stung at first" and

-1-

then "hurt for the next couple of days that was over the weekend." Id.

Plaintiff alleges that Deputy Lease did not follow the correct procedure of looking at Plaintiff's wristband to verify Plaintiff's name and identification number against the medication sheet. (Id.) Although no doctor could see Plaintiff over the weekend, he was seen by the doctor on October 19th and "was able to get the eye medicine [he] needed." (Id.)

Plaintiff further states that when he informed Deputy Lease that Lease had made a dispensing error, that Lease verbally threatened Plaintiff with being placed on lockdown. (Id.) Plaintiff does not allege he was ever actually placed on lockdown for this incident.

## II.  APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a).  That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading

-2-

is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed.  28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution.  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F. Supp. 1392, 1397 (D.  Minn. 1997).  Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

**III.      DISCUSSION**

    A.  <u>Defendant Holly</u>

As against Defendant Holly, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has stated no facts relative to Defendant Holly. There is no allegation by Plaintiff that Defendant Holly was involved in dispensing Plaintiff's medication, that he was present during the medication call, or that he knew of but disregarded any need Plaintiff had for medical care following the medication error. Giving Plaintiff's *pro se* Complaint liberal construction, it appears that Plaintiff is attempting to hold Defendant Holly liable on a *respondeat superior* theory. However, it is undisputed that defendants cannot be held liable under § 1983 on a *respondeat superior* basis. <u>Otey v. Marshall</u>, 121 F.3d 1150, 1155 (8th Cir. 1997). Prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices. <u>Choate v. Lockhart</u>, 7 F.3d 1370, 1376 (8th Cir. 1993).

Plaintiff has alleged no facts to support personal involvement in a constitutional violation or corrective inaction or tacit authorization of a constitutional violation by Holly.

    B.  <u>Defendant Lease</u>

The Eighth Amendment's proscription of cruel and unusual

-4-

punishment obligates prison officials to provide adequate medical care to inmates in their custody. Estelle v. Gamble, 429 U.S. 97, 102-03(1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990)).

Even if all Plaintiff's allegations are true, Plaintiff's Complaint does not state a claim for relief against Defendant Lease. According to Plaintiff's Complaint, Defendant Lease provided him with a bottle of medication which was intended for a different inmate. Plaintiff does not contend that Defendant Lease intentionally dispensed the incorrect medication to Plaintiff, but only that he failed to follow medication dispensing protocol and ensure it was the correct medication. These factual allegations do not support a claim of medical indifference. See Walker v.

Goodman, 2008 WL 2380959 (holding Plaintiff failed to state a claim where the named defendant dispensed the incorrect medication and failed to ensure correct medication was dispensed).  At most, Plaintiff has stated a claim of negligence against Defendant Lease based upon the medication error.  Negligence is not actionable in a Section 1983 case.  Estate of Rosenberg, 56 F.3d at 37.

As to Plaintiff's need for medical care following the medication error, Plaintiff alleges that after using the wrong eye medication, his eyes hurt for the next couple of days.  According to Plaintiff, he told Defendant Lease what had happened, but he did not receive medical care for two days because there was no medical staff available over the weekend.  An intentional delay in providing medical treatment is actionable if a reasonable person would know that the inmate requires medical attention or the actions of the officer are so dangerous that a knowledge of the risk may be presumed.  See McRaven v. Sanders, 577 F.3d 974, 980 (8th Cir.  2009).  It can not be said that a reasonable person would know that plaintiff's eye condition required immediate treatment or that the two-day delay in treatment was so dangerous that knowledge of a risk to the Plaintiff could be presumed.  Accordingly, Plaintiff has failed to state a claim against Deputy Lease for any delay in his medical treatment.

Moreover, to the extent Plaintiff was threatened with lockdown when he reported the problem to Defendant Lease, a verbal threat, without more, is not actionable under Section 1983.  Martin v. Sargent, 780 F.2d 1334, 1338, 1339 (8th Cir. 1985); cf. Burton v.

Livingston, 791 F.2d 97, 99, 100-01 (8th Cir. 1986) (where guard brandished weapon at prisoner and terrorized him with specific threats of death, such as encouraging the prisoner to run so the guard would have provocation to shoot the prisoner, it was held the threat was actionable). Plaintiff has not alleged the threat was carried out in any manner, or that he received any disciplinary action as a result of notifying Defendant Lease of the medication error.

### IV.   CONCLUSION

Accordingly, I recommend Plaintiff's Complaint,(Doc. 1), be **DISMISSED** as it fails to state a claim under Section 1983.  I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

Having filed this action, Plaintiff remains liable for the filing fee.  See e.g., In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (holding even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.).  For this reason, I further recommend the clerk of the court be directed to collect the $350.00 filing fee from the Plaintiff.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver**

of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

     **DATED** this 10th day of September 2010.

/s/ Erin L. Setser
HON.  ERIN L.  SETSER
U.S. MAGISTRATE JUDGE
